UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISON

| | |
|---|---|
| TAMI MCINTYRE, § § Plaintiff, § § v. § § TYSON FRESH MEATS, INC., § A SUBSIDIARY OF TYSON § FOODS, INC., § § Defendant. | CIVIL ACTION NO. 2:20-cv-237 JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

Plaintiff Tami McIntyre ("Plaintiff"), by and through her attorneys, Ellwanger Law LLLP, brings this action for damages and other legal and equitable relief from Defendant, Tyson Fresh Meats, Inc., a subsidiary of Tyson Foods, Inc. ("Defendant"), for violations of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, and any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1. This is an action brought by Plaintiff seeking damages from Defendant for acts of discrimination and retaliation. Defendant's acts of discrimination are in violation of the ADEA and any other cause(s) of action that can be inferred from the facts set forth herein.

2. Defendant employed Plaintiff as a Quality Assurance Manager at its Amarillo, Texas location. Throughout Plaintiff's employment with Defendant, Plaintiff was subjected to discrimination and retaliation.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; 42 U.S.C. §§ 2000e et seq., as amended, and (iii) 42 U.S.C. §§ 1981 et seq., as amended.

4. The Court's supplemental jurisdiction is invoked to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court in as much as the unlawful employment practices occurred in this judicial district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendant maintains offices, conducts business and resides in this district.

## PARTIES

6. Plaintiff is a person who has been aggrieved by Defendant's actions. She is and has been, at all relevant times, a citizen of the United States of America, and is a resident of Potter County, Texas.

7. At all relevant times, Plaintiff was Defendant's employee and therefore covered by Title VII.

8. Defendant is located at 5000 FM1912, Amarillo, Texas in Potter County. Upon information and belief, Defendant employs over five-hundred (500) persons.

**ORIGINAL COMPLAINT**

9. During all relevant times, Defendant has been an employer covered by the ADEA.

10. Defendant transacted and continues to transact business in Texas by, among other things, employing persons at its store located within Texas and within this judicial district.

### EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

11. Plaintiff, who has herein alleged claims pursuant to the ADEA, has timely filed a complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which constitutes a cross-filing with the Texas Commission on Human Rights.

12. Plaintiff has received her Notice of Right to Sue letter from the EEOC prior to the filing of this Complaint.

### STATEMENT OF FACTS

13. Plaintiff worked for Defendants from 1985 until her termination in April 2019.

14. From 2017 to April 2019, Plaintiff worked at the Amarillo, Texas location as a Quality Assurance Manager.

15. In or around March 2019, Plaintiff's supervisor told Plaintiff that she was "getting older" and that she had sixty (60) days to find a new job.

16. On or around March 8, 2019 Plaintiff made a written complaint regarding the age discrimination she was experiencing to Human Resources. Upon information and belief, Human Resources did not do any serious investigation.

17. On or around April 4, 2019 Plaintiff was subjected to a discriminatory and retaliatory termination.

18. Throughout Plaintiff's thirty-four (34) year career with Defendant she never received a disciplinary write-up.

## AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
**Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq*.**
**(Discrimination)**

19. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

20. The conduct alleged herein violates the ADEA as Defendant has engaged the practice of discrimination with respect to the terms and conditions of Plaintiff's employment on the basis of the Plaintiff's age.

21. Plaintiff's requests for relief are set forth below.

## AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF
**Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq*.**
**(Hostile Work Environment)**

22. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

23. The conduct alleged herein violates the ADEA as Plaintiff was subjected to a hostile work environment on the basis of her age. Plaintiff's supervisor made discriminatory comments about her age such that it effected a severe and pervasive hostile work environment and led to an adverse employment decision in her termination.

24. Plaintiff's requests for relief are set forth below.

## AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF
**Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq*.**
**(Retaliation)**

25. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

26. Plaintiff lodged complaints with Defendant regarding the discrimination and hostile work environment to which she was subjected, and as such, engaged in protected activity under the ADEA.

27. Defendant retaliated against Plaintiff by, among other things, harassing her, subjecting her to unwarranted discipline, and terminating her.

28. The conduct alleged herein violates the ADEA's protection of filing a complaint of discrimination.

29. Plaintiff's requests for relief are set forth below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

A. A judgment declaring that the practices complained of herein are unlawful and in violation of Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq.*;

B. All damages which Plaintiff has sustained as a result of Defendant's conduct, including back pay, front pay, benefits, general and specific damages for lost compensation, and job benefits she would have received but for Defendant's discriminatory practices, and for emotional distress, humiliation, embarrassment, and anguish;

C. Exemplary and punitive damages in an amount commensurate with Defendant's ability and so as to deter future malicious, reckless, and/or intentional conduct;

D. Awarding Plaintiff the costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

E. Pre-judgment and post-judgment interest, as provided by law;

F. That the Court retain jurisdiction over Defendant until such time as it is satisfied that they have remedied the practices complained of and are determined to be in full compliance with the law; and

G. Granting Plaintiff other and further relief as this Court finds necessary and proper.

Plaintiff also seeks injunctive relief, including, but not limited to:

H. Training on the subject of employment discrimination for all of Defendant's employees;

I. Implicit bias training for all managers conducted by reputable outside vendors;

J. Supervisory discipline up to and including termination for any supervisor who engages in unlawful discrimination;

K. Active monitoring of the work areas to ensure compliance with discrimination policies;

L. Monitoring by the Court or a federal agency to ensure that Defendant complies with all injunctive relief; and

Plaintiff further demands that she be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

**ORIGINAL COMPLAINT**

Dated: October 15, 2020                                  Respectfully submitted,

                                                         _____
                                                         Jay D. Ellwanger
                                                         Texas State Bar No. 24036522
                                                         jellwanger@equalrights.law
                                                         David W. Henderson
                                                         Texas State Bar No. 24032292
                                                         dhenderson@equalrights.law
                                                         **Ellwanger Law LLLP**
                                                         400 S. Zang Blvd. Ste. 1015
                                                         Dallas, TX 75208
                                                         Telephone: (469) 998-6775
                                                         Facsimile:  (469) 998-6775

**ORIGINAL COMPLAINT**