IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| TAMI MCINTYRE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:20-CV-237-Z |
| | § | |
| TYSON FRESH MEATS, INC., | § | |
| | § | |
| Defendant. | § | |

**ORDER AND MEMORANDUM OPINION**

Before the Court is Defendant's Tyson Fresh Meats, Inc.'s Motion to Dismiss (ECF No. 10). After reviewing the related pleadings and applicable law, the Court determines Defendant's Motion should be DENIED without prejudice to refiling. Plaintiff is granted leave to amend her pleadings in accordance with the opinion below and is ORDERED to file an Amended Complaint by **Tuesday, February 16, 2021.**

**BACKGROUND**

This case arises under the Age Discrimination in Employment Act of 1967 ("ADEA"). Plaintiff McIntyre was employed by Defendant Tyson from 1985 until her termination in April 2019. ECF No. 1 at 3. From 2017 to April 2019, McIntyre worked as a Quality Assurance Manager at Tyson's Amarillo location. *Id.* In March 2019, McIntyre alleges her supervisor told her she was "getting older" and had sixty days to find a new job. *Id.* McIntyre then alleges she filed a written complaint to Human Resources on March 8, 2019 complaining about the alleged discrimination. *Id.* Around April 4, 2019, she was terminated by Tyson. *Id.* McIntyre alleges in her thirty-four-year career she never received a disciplinary write-up. *Id.* She further alleges she timely filed a

complaint with the Equal Employment Opportunity Commission ("EEOC") and received her Notice of Right to Sue. Defendant has now moved to dismiss this case under Rule 12(b)(6).

## LEGAL STANDARDS

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." *Twombly*, 550 U.S. at 555 (internal marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal marks omitted). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal marks omitted).

## ANALYSIS

McIntyre alleges three causes of actions under the ADEA in her Complaint: discrimination, retaliation, and hostile-work environment claims. Tyson argues all three claims should be dismissed for failure to state a claim. Additionally, Tyson maintains McIntyre's hostile-work environment claim should also be dismissed for failure to exhaust administrative remedies. The Court will each address each argument in turn.

2

### A. McIntyre's Discrimination Claim

Defendant Tyson argues McIntyre's "barebone allegations" are insufficient to meet the notice standard of *Twombly* and *Iqbal*. Tyson's arguments have some merit. The "Statement of Facts" in McIntyre's Complaint is only seven sentences. ECF No. 1 at 3. In those sentences, McIntyre fails to allege her age, her supervisor's name, whether the supervisor had authority over the employment decision, and who made the ultimate termination decision. She also fails to allege more than a single incident of harassment even though McIntyre contends she was subjected to discrimination and retaliation "throughout Plaintiff's employment." *Id.* at 1.

Nevertheless, the Fifth Circuit has repeatedly stated plaintiffs in the employment context only have to "clear[] the *low* bar of Rule 12(b)(6)." *Haskett v. T.S. Dudley Land Co., Inc.*, 648 Fed. Appx. 492, 497 (5th Cir. 2016) (unpublished) (emphasis added). Accordingly, McIntyre's ADEA Complaint need only "satisf[y] Rule 8 (from which Rule 12(b)(6)'s plausibility requirement derives)." *Id.* at 496 (citing *Twombly*, 550 U.S. at 557).

To establish a discrimination claim under the ADEA, a plaintiff must prove by a preponderance of the evidence that age was the 'but-for' cause of the challenged employer decision. *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010). An ADEA plaintiff must plead facts that show either (1) direct evidence of age discrimination or (2) indirect evidence of age discrimination by showing a prima facie case based on circumstantial evidence. *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 377 (5th Cir. 2010).

In her discrimination claim, McIntyre only alleges direct evidence of age discrimination.[1] ECF No. 1 at 3 ("Plaintiff's supervisor told Plaintiff that she was 'getting older' and that she had sixty (60) days to find a new job."). Direct evidence is evidence that, if believed, proves the fact

---

[1] Surprisingly, McIntyre never alleges her age. It can be plausibly inferred from McIntyre's thirty-four years of employment that she is over the age of 40.

3

in question without inference or presumption. *Livingston v. Agric. Workers Mut. Auto Ins. Co.*, No. 4:14-CV-624-A, 2014 WL 6850972, at *6 (N.D. Tex. Dec. 4, 2014). In the employment discrimination context, "any statement or document which shows on its face that an improper criterion served as a basis — not necessarily the sole basis, but a basis — for [an] adverse employment action." *Id.* (quoting *Acker v. Deboer, Inc.*, 439 F. Supp. 2d 828, 837 (N.D. Tex. 2006)).

Here, the only evidence of discrimination in McIntyre's Complaint is the comment from her supervisor. The Fifth Circuit has explained a "stray remark" such as this is analyzed under a four-part test. "[C]omments are evidence of discrimination only if they are '(1) related to the protected class of persons of which the plaintiff is a member; (2) proximate in time to the complained-of adverse employment decision; (3) made by an individual with authority over the employment decision at issue; and (4) related to the employment decision at issue.'" *Jackson*, 602 F.3d at 380 (quoting *Rubinstein v. Adm'rs of Tulane Educ. Fund*, 218 F.3d 400–01 (5th Cir. 2000)).

While the first, second, and fourth factors are not contested at this stage, McIntyre's Complaint fails to identify whether her supervisor "had authority over the employment decision at issue." *Id.*[2] Indeed, the Complaint fails to name who the supervisor is at all. The Court finds this failure could be fatal to McIntyre's claim. This case is in its early stages, however, and McIntyre asked in her Response to be allowed to amend her Complaint to meet her light pleading burden. Accordingly, the Court GRANTS McIntyre leave to amend her Complaint. Specifically, McIntyre should add detailed factual allegations about her supervisor including her supervisor's identity and authority over the employment decision.

---

[2] The Court acknowledges a "stray remarks" analysis is "more suited to the summary judgment phase." *Cicalese v. Univ. of Texas Med. Branch*, 924 F.3d 762, 768 (5th Cir. 2019). However, whether the supervisor had authority over the employment decision is a matter more easily decided at the motion to dismiss stage.

## B. McIntyre's Retaliation Claim

Tyson argues McIntyre's retaliation claim failed to meet its initial pleading burden and is "nonsensical on its face." ECF No. 10 at 8. The ADEA makes it unlawful "for an employer to discriminate against any of his employees because such individual has opposed any practice made unlawful by this section, or because such individual has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter." *Wooten v. McDonald Transit Assoc., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (quoting 29 U.S.C. § 623(d)).

While a plaintiff does not have to plead a prima facie case to survive a motion to dismiss, the elements of a prima facie case are helpful in framing what constitutes an ADEA claim. *Flores v. Select Energy Serv. LLC.*, 486 Fed. Appx. 429, 432 (5th Cir. 2012) (unpublished).[3] To establish a prima facie retaliation claim under the ADEA, a plaintiff must show: (1) the plaintiff engaged in a protected activity; (2) there was an adverse employment action; (3) a causal link existed between the protected activity and the adverse employment action; and (4) the plaintiff was qualified for the position. *Wooten*, 788 F.3d at 496–97.

Regarding the first factor, McIntyre engaged in a protected activity by writing a complaint "regarding the age discrimination she was experiencing to Human Resources." ECF No 1. at 3. Tyson argues McIntyre's allegation of filing a written complaint is merely a legal conclusion. This is incorrect. Here, McIntyre alleges she filed a written complaint with Tyson's Human Resources department regarding age discrimination. This is a *factual allegation* of an event that *actually occurred* and is not a mere legal conclusion. Although threadbare, this allegation gives Tyson "fair

---

[3] A district court "errs by requiring a plaintiff to plead something more than the "ultimate elements" of a claim. A court thus inappropriately heightens the pleading standard by subjecting a plaintiff's allegations to a rigorous factual or evidentiary analysis under the *McDonnell Douglas* framework in response to a motion to dismiss." *Cicalese*, 924 F.3d at 767 (internal marks omitted).

5

notice" of McIntyre's retaliation claim. Further factual development may be needed for McIntyre's claim to ultimately succeed, but that is a matter to be resolved at the summary judgment stage (or later). *See Haskett*, 648 Fed. Appx. at 496 ("[In] *Wooten*, we found that an ADEA complaint satisfied Rule 8 . . . by alleging only that the complainant had worked for a company, that he filed an age discrimination charge against the company, and that the company constructively discharged him in response, causing him harm.").

Regarding the second factor, no one contests Tyson's termination of McIntyre is an adverse employment action for purposes of the ADEA.

Regarding the third factor, there is a causal link between the protected activity and the adverse employment action. The Fifth Circuit has stated that "in retaliation cases, 'causation is difficult to prove' and calls for 'a highly fact specific' analysis." *English v. Perdue*, 777 Fed. Appx. 94, 98 (5th Cir. 2019) (unpublished) (quoting *Nowlin v. Resolution Trust Corp.*, 33 F.3d 498, 508 (5th Cir. 1994)). "Among other factors, [the Fifth Circuit has] suggested that . . . 'the temporal relationship between the employee's conduct and discharge' might shed light on the causal component of a retaliation claim." *Id.*

In this case, McIntyre was fired within a month of making a complaint. This raises an inference of causation that is *plausible* at the Rule 12 stage. *See Wooten*, 788 F.3d at 499 (deeming complaint plausible where all retaliatory acts occurred within *seven months* of protected activity).

Tyson argues it had already planned to terminate McIntyre *before* she wrote a complaint to Human Resources according to McIntyre's own complaint. ECF No. 1 at 3. Thus, the firing could not be in retaliation for the complaint because the termination was contemplated before the protected activity occurred. At the Rule 12 stage, however, the Court cannot conclude that McIntyre's retaliation claim is foreclosed.

Consider the following example: McIntyre could have been notified she was being terminated, but, before she was fired, management changed its mind and decided to retain her. Then, after seeing McIntyre's complaint to Human Resources, management changed its mind once again and decided it would rather fire McIntyre than resolve her complaint. Thus, it is plausible for McIntyre to be retaliated against for her complaint even if Tyson had contemplated firing her before the complaint was made.

Finally, regarding the fourth factor, Tyson avers that McIntyre did not allege she was qualified for the position. McIntyre did allege, however, she was employed by Tyson for *thirty-four years* without a single disciplinary write-up. From this allegation, it can be plausibly inferred that McIntyre was qualified for the position. McIntyre has thus alleged a prima facie case of retaliation. Accordingly, Tyson's motion to dismiss McIntyre's retaliation claim is DENIED.

### C. McIntyre's Hostile-Work Environment Claim

Tyson argues McIntyre fails to state a claim for a hostile-work environment under the ADEA. The Court agrees. To allege a claim of hostile-work environment under the ADEA, a plaintiff must show that: (1) he was over the age of 40; (2) the employee was subjected to harassment, either through words or actions, based on age; (3) the nature of the harassment was such that it created an objectively intimidating, hostile, or offensive work environment; and (4) there exists some basis for liability on the part of the employer. *Dediol v. Best Chevrolet, Inc.*, 655 F.3d 435, 441 (5th Cir. 2011).

The first, second, and fourth factors are not seriously contested here as the parties' arguments are focused on the third element. To satisfy the third element, a plaintiff must show that the harassment was objectively unreasonable. *Id.* "This means that not only must a plaintiff perceive the environment to be hostile, but it must appear hostile or abusive to a reasonable

person." *Id.* "To determine whether conduct is objectively offensive, the totality of the circumstances is considered, including: '(1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or merely an offensive utterance; and (4) whether it interferes with an employee's work performance.'" *Id.* (quoting *EEOC v. WC&M Enters.*, 496 F.3d 393, 399 (5th Cir. 2007)). "[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

Here, McIntyre alleged only a single incident of harassment — specifically, McIntyre alleged that her supervisor told her "that she was getting older and that she had sixty (60) days to find a new job." ECF No. 1 at 3. Applying the four factors to the complaint shows McIntyre's Complaint falls short of alleging a plausible hostile-work environment claim. First, regarding frequency, McIntyre has only alleged a single incident of harassment. Second, being told one is "getting older" is not severe. *See Reed v. Neopost USA, Inc.*, 701 F.3d 434, 443 (5th Cir. 2012) (holding that incidental or occasional age-based comments, including references to an employee like "old man" and "old fart" were insufficient to support an age-based hostile-work environment claim). Third, the comment was not threatening or humiliating. And fourth, there is no allegation that the comment affected McIntyre's work performance in any way.

The Court thus finds this single incident of alleged harassment does not amount to a plausible hostile-work environment claim. But because the Court has already granted McIntyre leave to amend her Complaint on her age discrimination claim, the Court will also allow McIntyre leave to amend her Complaint on this claim as well.

Lastly, Tyson argues McIntyre failed to exhaust her administrative remedies on her hostile-work environment claim. "In order to exhaust ADEA claims, plaintiffs must timely file an EEOC

charge." *Teamah v. Applied Materials, Inc.*, 715 Fed. Appx. 343 (5th Cir. 2017) (unpublished). Besides the explicit claim made in the EEOC charge, "[t]he administrative-exhaustion requirement is also considered met for any other claims within 'the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" *Walton-Letnz v. Innophos, Inc*, 476 Fed. Appx 566, 569 (5th Cir. 2012) (unpublished) (quoting *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir.2006)).

The parties contest whether the EEOC charge in this case can support a hostile-work environment claim. While the Court could consider the EEOC charge at this stage because it is referred to in McIntyre's Complaint and is central to her claim, *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010), neither party has attached or filed the EEOC charge for the Court to review. The Court thus declines to resolve the issue of administrative exhaustion.

CONCLUSION

McIntyre has adequately pled her retaliation claim but not her age discrimination or hostile-work environment claims. The Court GRANTS McIntyre leave to amend her complaint and ORDERS her to file an Amended Complaint by **Tuesday, February 16, 2021.** Tyson's Motion to Dismiss (ECF No. 10) is DENIED without prejudice to refiling.

**SO ORDERED.**

February 10, 2021.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE